

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/2020

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARTIN BOWE**
*Senior Counsel*
Tel: (212) 356-0894
Cell: (646) 498-7178

September 17, 2020

**VIA ECF**
Hon. Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *S.J. obo K.H. v. N.Y.C. Dep't of Educ.,* 20-CV-1922 (LGS)(SDA)

Dear Judge Aaron:

    I am Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant the New York City Department of Education ("DOE") in the above-referenced action. I write in opposition to Plaintiff's letter motion (ECF 63) to exceed the page limits imposed by the Court's Individual Practices and for submission of other vague and unnamed declarations; and to request that Plaintiff be compelled to include in her reply papers a discussion of two issues, as set forth below.

    Preliminarily, Defendant has proceeded under the Individual Practices of Judge Schofield, and specifically declined to join plaintiff's counsel's request for clarification as not necessary. Thus, counsel's statement that the undersigned "declined to express a position" is a misrepresentation. Further, while Plaintiff asserts that statements contained in the Bowe Declaration (ECF 60) regarding two other members of the parents' bar (Ms. Roller and Mr. Dayan) are false and thus further support Plaintiff's requests, I note that when I asked Plaintiff's counsel to be more specific regarding how my statements were false, counsel failed to respond with specifics; nor does counsel include any specifics regarding that issue in her letter motion.

    Indeed, Plaintiff's letter motion ignores Judge Schofield's Individual Practices which require "(i) a detailed request for relief specifying the additional documents or pages that the party seeks to file, and (ii) an explanation as to why the relief is necessary." Plaintiff has not complied with III.B(3)(a) or (b) because she failed to identify specific declarants nor the subject matter those unnamed declarants would present, and failed to explain why the additional proposed submissions would aid the Court in deciding the reasonableness of Plaintiff's fee application.

    Plaintiff's renewed attempt to needlessly expand this litigation should be rejected. Plaintiff presented a chart of Vague Data (ECF 50 ¶¶14-15) which was <u>not</u> created by the

Department of Education ("DOE"), but rather was created by Plaintiff's counsel and purportedly compiled from the voluminous spreadsheets for which Judge Schofield denied Plaintiff's attempt to pursue discovery (ECF 22).  Mr. Kopp included the irrelevant Vague Data for the purpose of suggesting that the DOE's history of settlements with many other attorneys somehow supports a higher hourly rate for the Cuddy Law Frim ("CLF") staff.  Thus, Defendant appropriately responded to rebut those arguments with the Goldman Declaration and with reference to other similar fee applications by the parents' bar (which Plaintiff also does in her moving papers).  Plaintiff's suggestion now that defendant somehow introduced or expanded the broader settlement discussion raised by Plaintiff in her moving papers is frivolous.

While Plaintiff seeks to continues her quest to expand the issues presented in this case, she conspicuously failed, in her moving papers (ECF 49-52), to address the heart of the matter to be decided.  For example, Plaintiff made no attempt to distinguish the various decisions issued by Judges of this District setting hourly rates for CLF staff as recently as 2019, and declined to even cite the persuasive Report & Recommendation in *B.B. v. N.Y.C. Dep't of Educ.*, 17 Civ. 4255, 2018 U.S. Dist. LEXIS 15101, at *6 (S.D.N.Y. Jan. 29, 2018), *adopted in part and rejected in part by* 2018 U.S. Dist. LEXIS 38271, at *2 (S.D.N.Y. Mar. 8, 2018).  Accordingly, plaintiff should be directed to include in her reply papers a discussion of why those cases are not persuasive, and an explanation as to why the DOE's written offer of $14,750.00 in August 2019 (ECF 60-2) would not have fairly compensated plaintiff for work performed to that date (as argued in Defendant's memorandum of law (ECF 62 at 20)).

Thank you for considering this submission

Respectfully submitted,
/s/
Martin Bowe
Senior Counsel

cc:     Benjamin M. Kopp, Esq. (via ECF)

ENDORSEMENT: Defendant's request for the Court to compel Plaintiff "to include in her reply papers a discussion of two issues" is DENIED. SO ORDERED.

*Stuart D. Aaron*