```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

S.J., individually and on behalf of K.H.,

          Plaintiff,

-against-

New York City Department of Education,

          Defendant.

1:20-cv-01922 (LGS) (SDA)

**AMENDED REPORT AND RECOMMENDATION***

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE:**

   Plaintiff brings this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and makes a motion seeking attorneys' fees, costs and prejudgment interest in the total amount of $72,210.77 for work performed by the Cuddy Law Firm. Defendant, the New York City Department of Education ("Defendant" or "DOE") opposes the motion, asserting (among other things) that the hourly rates sought and number of hours expended by Plaintiff's attorneys are excessive and unreasonable. For the reasons set forth below, I recommend that the District Court grant in part Plaintiff's motion, and award to Plaintiff attorneys' fees and costs in the amount of $31,094.76.

**BACKGROUND**

   On December 29, 2017, Plaintiff S.J. initiated an impartial due process hearing on behalf of her child, K.H., alleging a denial of a free appropriate public education for the 2016-17 and 2017-18 school years and seeking various relief. (Pl.'s 56.1, ECF No. 34, ¶ 6; Def.'s 56.1 Resp., ECF No. 58, ¶ 6.) This case was assigned Impartial Hearing Office Case Number 171758. (Pl.'s 56.1 ¶

---

*The only amendment made to this Report and Recommendation is on page 13 to correct a typographical error. The amount *sought* by Plaintiff in federal litigation costs is $410.50, not $140.50. The Court's calculation of the total amount of costs it awarded is accurate (*i.e.*, $180.26 for the administrative proceedings plus $402.50 for the federal litigation equals $582.76).

7; Def.'s 56.1 Resp. ¶ 7.) A hearing was held on May 24, 2018. (A. Cuddy Decl. Ex. B, ECF No. 51-2, at 12; M. Cuddy Decl., ECF No. 39, ¶ 26; Goldman Decl., ECF No. 61, ¶ 14.) The hearing lasted less than two hours. (*See* Goldman Decl. ¶ 15.) Michael Cuddy ("M. Cuddy") appeared for the Plaintiff and introduced testimony from the Plaintiff, as well as about 45 exhibits. (*See* M. Cuddy Decl. ¶ 29; Goldman Decl. ¶ 15.) The DOE did not appear or offer evidence at the hearing. (*See* M. Cuddy Decl. ¶¶ 27-28.) On June 11, 2018, M. Cuddy submitted a 10-page closing brief. (M. Cuddy Decl. ¶ 31 & Ex. B.) On June 20, 2018, the impartial hearing officer ("IHO") issued a Finding of Facts and Decision in Plaintiff's favor. (Pl.'s 56.1 ¶ 9; Def.'s 56.1 Resp. ¶ 9.)

On January 8, 2019, Plaintiff, through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services. (Pl.'s 56.1 ¶ 10; Def.'s 56.1 Resp. ¶ 10.) On January 14, 2019, the DOE notified Plaintiff's attorney, Andrew Cuddy ("A. Cuddy"), that the claim was assigned to DOE attorney, Derek Etheridge ("Etheridge") to review and negotiate. (Pl.'s 56.1 Resp., ECF No. 72, ¶ 21.) On August 16, 2019, the Etheridge made an offer to A. Cuddy in the amount of $14,750.00 and requested that A. Cuddy "please advise." (*Id*. ¶ 22.)

On January 23, 2020, Plaintiff's counsel prepared a draft Complaint to file in this Court. (*See* Cuddy Decl. Ex. D, ECF No. 51-4, at 2.) On March 4, 2020, the Complaint in this action was filed. (Compl., ECF No. 1.) The DOE contends that Plaintiff's counsel did not respond to the offer made by Etheridge before filing the Complaint (*see* Goldman Decl. ¶ 24), and Plaintiff's counsel's contemporaneous time records do not reflect any communications between Plaintiff's counsel and the DOE between August 16, 2019 and March 4, 2020. (*See* Cuddy Decl. Ex. D at 2-3.)

On June 8, 2020, Defendant filed its Answer. (Answer, ECF No. 10.) As of the date of the Answer, Defendant had not settled the attorneys' fees in this matter. (Pl.'s 56.1 ¶ 11; Def.'s 56.1

Resp. ¶ 11.) On June 19, 2020, this action was referred to me for settlement. (Order of Ref., ECF No. 15.) On July 16, 2020, DOE's counsel, Martin Bowe ("Bowe") conveyed by email an offer in the amount of $17,650.00 to settle Plaintiff's claims for fees and costs. (Pl.'s 56.1 Resp., ECF No. 72, ¶ 28.) In July 2020, the parties engaged in a settlement conference with me, as well as subsequent settlement discussions with me, but the action did not settle.

On August 4, 2020, Bowe conveyed a written offer in the amount of $28,500.00 to settle Plaintiff's claims for fees and costs. (Bowe Decl. Ex. E, ECF No. 60-5, ¶ 13.) However, the offer was not accepted.

On August 19, 2020, Plaintiff filed her motion for summary judgment. (Pl.'s Not. of Mot., ECF No. 35.) In her motion, Plaintiff sought an award of $60,489.41 in attorneys' fees and costs, plus prejudgment interest. (*See* 8/19/20 A. Cuddy Decl. (filed on 8/25/20), ECF No. 51, ¶ 57.)[1] On August 21, 2020, Judge Schofield referred Plaintiff's summary judgment motion to me for a report and recommendation. (*See* Am. Orders of Ref., ECF Nos. 45, 47.)

On September 11, 2020, the DOE filed its papers in opposition to Plaintiff's motion for summary judgment, including its own Rule 56.1 statement. (*See* ECF Nos. 58-62.) On September 22, 2020, Plaintiff filed her reply memorandum and response to the DOE's 56.1 statement. (*See* ECF Nos. 72-73.) Plaintiff attaches to her reply memorandum an invoice reflecting additional hours incurred from August 19, 2020 through September 22, 2020 in connection with Plaintiff's summary judgment motion. (Reply Mem. Ex. 1, ECF No. 73-1.) Thus, Plaintiff seeks $27,811.29 in fees, costs and prejudgment interest for the administrative proceedings (*see* 8/19/20 A. Cuddy

---

[1] Certain of the documents filed in support of Plaintiff's motion for summary judgment initially were filed on August 19, 2020, but were refiled on August 25, 2020 to comport with District Judge Schofield's Individual Rules. (*See* ECF Nos. 49-52.)

3

Decl. ¶ 57) and $44,399.48 in fees, costs and prejudgment interest for the federal court litigation (*see* Pl.'s 9/28/20 Ltr., ECF No. 75), for a total of $72,210.77.

## DISCUSSION

### I. Applicable Law

The IDEA grants district courts the discretion to award "reasonable attorneys' fees" and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(I). The IDEA fee-shifting provisions are interpreted in the same manner as other civil rights fee-shifting statutes. *See A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 73 (2d Cir. 2005).

In determining whether to award attorneys' fees under a federal fee-shifting statute such as the IDEA, a court must undertake a two-pronged inquiry. The court "must first determine whether the party seeking the award is in fact a prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006). "If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *Id*.

A District Court may award attorneys' fees if they are "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C); *see also A.R.*, 407 F.3d at 79. To determine the amount of a prevailing party's fee award, a court calculates a "presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health, Central New York Psychiatric Center*, 652 F.3d 277, 289 (2d Cir. 2011) (internal citation omitted).

The DOE does not dispute that Plaintiff is a "prevailing party" entitled to recover reasonable fees and costs under 20 U.S.C. § 1415(i)(3)(B). (*See* Def. Opp. Mem., ECF No. 62.)

4

Accordingly, the Court turns to calculating the presumptively reasonable fee for Plaintiff's counsel—and as with any other summary judgment motion, "all evidence must be viewed 'in the light most favorable to the non-moving party,'" here, the DOE. *See M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-02417, 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018) (quoting *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004)).

## II.     Analysis

### A.  Hourly rate

When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services, as well as the case-specific factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 426-29 (S.D.N.Y. 2012) (citations omitted). A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. *See E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-05243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (citations omitted).

---

[2] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 428 (S.D.N.Y. 2012) (citation omitted).

In the present case, Plaintiff seeks a $500 hourly rate for A. Cuddy and M. Cuddy; a $350 hourly rate for Benjamin Kopp ("Kopp"); and a $150 hourly rate for paralegals.[3] (*See* 8/19/20 A. Cuddy Decl. ¶ 57.) Plaintiff also seeks a $250 hourly rate for M. Cuddy's travel time.[4] (*See* 8/19/20 A. Cuddy Decl. ¶ 57.)

Defendant objects to the hourly rates sought by Plaintiff and seeks to reduce them to at least $350 for A. Cuddy and M. Cuddy; $150 for Kopp; and $100 for paralegals. (Def. Mem. at 12-13.) Defendant argues that these rates should be reduced even further based upon certain *Johnson* factors. (*Id*. at 7.)

### 1. M. Cuddy And A. Cuddy

As Judge Caproni noted in *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-06851 (VEC), 2019 WL 4735050 (S.D.N.Y. Sept. 26, 2019), "[t]he prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 is between $350 and $475 per hour." *Id*. at *2 (citing *M.D.*, 2018 WL 4386086, at *3; *C.D. v. Minisink Valley Cent. Sch. Dis*t., No. 17-CV-07632, 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same). As further noted by Judge Caproni, *M.D*. and *C.D*. are "particularly instructive" since in those cases, the Court decided the reasonable rates for attorneys at the Cuddy Law Firm. *Id*.

---

[3] In support of these rates, Plaintiff submits, among other things, a declaration from an attorney who specialize in special education law and practice in this district. (*See* Hyman Decl., ECF No. 40.)

[4] In addition, Plaintiff seeks a $90 hourly rate for the time of attorney Jaclyn Kaplan ("Kaplan") in serving process on Defendant and a $400 hourly rate for six-tenths of an hour spent by attorney Kevin Mendillo ("Mendillo"). (*See* 8/19/20 A. Cuddy Decl. ¶ 57.) However, since the Court finds that this time is not compensable, *see* Discussion Section II.B.2., *infra*, their hourly rates are not addressed in this section.

In *M.D.*, which involved fairly straightforward administrative proceedings, Judge Furman awarded hourly rates to the Cuddy Law Firm of $360 for senior attorneys (including M. Cuddy).[5] *M.D.*, 2018 WL 4386086, at *3. In *C.D.*, Judge Engelmayer determined that M. Cuddy, who has been litigating IDEA cases since 2001, was entitled to $400 per hour, noting that he had been awarded $375 per hour as of 2011. *See C.D.*, 2018 WL 3769972, at *6 (citing *K.F. v. N.Y.C. Dep't of Educ.*, No. 10-CV-05465, 2011 WL 3586142, at *1 (S.D.N.Y. Aug. 10, 2011)). *C.D.* involved heavily contested proceedings over the course of eleven hearing days. *See id.* at *2.

Last year, in *R.G.*, which involved a contested hearing that occurred over the course of three sessions totaling four hours, Judge Caproni awarded A. Cuddy, who has been litigating IDEA cases since 2005, an hourly rate of $350. *See R.G.*, 2019 WL 4735050, at *3. Also last year, in *C.B. v. New York City Dep't of Educ.*, No. 18-CV-07337 (CM), 2019 WL 3162177 (S.D.N.Y. July 2, 2019), Chief Judge McMahon awarded a $400 hourly rate to A. Cuddy. *Id.* at *6. In doing so, she distinguished "the $350-per hour and $360-per hour awards" in "essentially uncontested" cases from the case before her, in which "the DOE produced two of its own witnesses and submitted its own evidence in a proceeding that lasted 9.8 hours." *Id.* at *8.

Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, I recommend that fees be awarded for the time of M. Cuddy and A. Cuddy at an hourly rate of $360. I find that this essentially uncontested case is more like *M.D.* and *R.D.* than it is like *C.D.* and *C.B.* In addition, I recommend an hourly rate of $180 for M. Cuddy's travel time. *See*

---

[5] Judge Furman also awarded an hourly rate of $280 for mid-level associates, $200 for junior associates, $120 for experienced paralegals and $100 for an entry-level paralegal. *M.D.*, 2018 WL 4386086, at *3.

*C.D.*, 2018 WL 3769972, at *10 ("Courts generally approve fees, at 50% of an attorney['s] usual rate, for reasonable travel conducted in service of ongoing litigation.").

### 2. Benjamin Kopp

Kopp is an associate at the Cuddy Law Firm who graduated from law school in 2015, was admitted to practice in 2016 and has been practicing in IDEA cases since he joined the firm two years ago. (*See* Kopp Decl., ECF No. 50, ¶¶ 22, 24, 26.) Prior to that, he practiced general litigation. (*Id*. ¶ 25.)

"For associates with three or fewer years of experience in [IDEA] litigation, courts in this District have typically approved rates of $150-$275." *R.G.*, 2019 WL 4735050, at *3 (quotation omitted). As noted by Defendant (Def.'s Opp. Mem. at 5-6), in *R.G.*, in late 2019, Judge Caproni assigned an hourly rate of $150 to "a junior associate at the Cuddy Law Firm [who] graduated law school in 2015 and joining the firm in 2016." *See id*. However, as noted by Plaintiff (Pl. Reply, ECF No. 72, at 9), Kopp's time was billed in connection with a motion for attorneys' fees, which only requires general litigation experience,[6] which I find is a basis for adjusting Kopp's hourly rate somewhat higher.

Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, I recommend that fees be awarded for the time of Kopp at an hourly rate of $200.

---

[6] *See P.R. v. N.Y.C. Dep't of Educ.*, No. 17-CV-94887 (LTS) (KNF), 2018 WL 4328012, at *10 (S.D.N.Y. July 19, 2018), *report and recommendation adopted*, 2018 WL 4301366 (S.D.N.Y. Sept. 10, 2018) (noting that, "[a]lthough [attorney] ha[d] limited experience in special education law, the work he performed in [the] matter relates solely to the instant application for attorneys' fees and he ha[d] five years of experience as a general practitioner").

### 3. **Paralegals**

"Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050, at *3. Plaintiff has submitted evidence regarding the experience of the paralegals whose time was billed, except for O'Donnell. (A. Cuddy Decl. ¶¶ 13-16.) Having considered the parties' arguments, evidentiary submissions and the *Johnson* factors, I recommend that fees be awarded for the time of paralegals at an hourly rate of $125, except for O'Donnell for whom I recommend an hourly rate of $100. *See R.G.*, 2019 WL 4735050, at *3 ("When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted.").

### B. **Hours Reasonably Expended**

A fee award should compensate only those hours that were "reasonably expended" by the attorneys on this case. *McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal citation omitted). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011). District courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992).

To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *McDonald*, 450 F.3d at 96 ("[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.").[7]

The Court considers first the hours expended during the administrative proceedings and then considers the hours expended in connection with the federal court litigation.

1. **<u>Administrative Proceedings</u>**

The Court has carefully reviewed the hours billed by Plaintiff's counsel in connection with the administrative proceedings (*see* A. Cuddy Decl. Ex. B; A. Cuddy Decl. Ex. C, ECF No. 51-3; A. Cuddy Decl. Ex. D, ECF No. 51-4), as well as Defendant's challenges (*see* Def.'s Opp. Mem. at 22), and makes only the following adjustments.[8] First, the Court will not credit the six-tenths of an hour recorded by B. Cuddy on 1/5/18 for having "[r]eceived additional educational records . . . from Therapy and Learning Center, Inc." (*see* A. Cuddy Decl. Ex. B at 5), in circumstances where he later records 1.7 hours on 2/14/18 for "[r]eviewing" such records. (*See id*.) Second, B. Cuddy billed 9 hours for travel to and from the hearing (*i.e*., 4.5 hours each way). (*See* A. Cuddy Decl. Ex. B at 12.) The number of hours should be reduced to one hour each way. *See C.D*., 2018 WL

---

[7] As noted by Justice Kagan in *Fox v. Vice*, 563 U.S. 826 (2011), in fee-shifting litigation, trial courts "need not, and indeed should not, become green-eyeshade accountants," the goal "is to do rough justice." *Id*. at 838.

[8] The Court does not find any hours billed by B. Cuddy to have been paralegal work, as suggested by Defendant. (*See* Def.'s Opp. Mem. at 22.) Nor does the Court find merit to Defendant's argument that B. Cuddy should have delegated work relating to the administrative hearing to a more junior attorney (*see id*. at 21-22), in circumstances where B. Cuddy (an experienced IDEA lawyer) was the lead attorney at the hearing. Moreover, the post-implementation hours seem to the Court to be reasonable and appropriate.

3769972, at *10 ("The Court's judgment is that the properly reimbursable travel time here is one hour in each direction.").

After careful consideration of the record before the Court and applying the relevant legal standards, the Court recommends awarding attorneys' fees to Plaintiff's counsel for the administrative proceedings, as follows:[9]

| Name | Hourly rate | Hours recoverable | Total |
|---|---|---|---|
| A. Cuddy | $360 | 1 | $360.00 |
| M. Cuddy | $360 | 41 | $14,760.00 |
| M. Cuddy (travel) | $180 | 2 | $360.00 |
| Paralegals | $125 | 9.1 | $1,137.50 |
| **Total Fees** | | | **$16,617.50** |

2. **Federal Court Litigation**

Plaintiff seeks an award of fees for 112 hours billed on the federal court litigation by A. Cuddy, M. Cuddy and Kopp.[10] (*See* 9/28/20 Fee Chart, ECF No. 75-1.) The Court carefully has reviewed the time entries (A. Cuddy Decl. Ex. D; A. Cuddy Decl. Ex. E, ECF No. 51-5; Reply Mem. Ex. 1), and finds that the time billed in connection with the federal court litigation to be excessive. The federal court litigation was confined to the issue of the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff. The Court finds

---

[9] The Court has made the adjustments in hourly rates and hours set forth in the text above to the chart that is contained in the A. Cuddy Declaration. (*See* A. Cuddy Decl. ¶ 57.)

[10] They also seek to recover for *de minimis* amounts billed by attorneys Kaplan and Mendillo. However, the Court finds that it is not appropriate to charge attorney time (regardless of hourly rate) for service of process. Thus, the Court will not credit the time billed by Kaplan for serving process, even though "she took time from her workday, when she could have been assisting other clients." (*See* Pl.'s Mem., ECF No. 49, at 19.) In addition, the Court will not credit time billed by Mendillo for advice given to an unrelated client. (*See* A. Cuddy Decl. ¶ 51.)

11

that Plaintiff's counsel billed an excessive amount of time devoted to that simple and straightforward issue.

Plaintiff's counsel is correct that they deserve adequate compensation and some of Defendant's tactics in this litigation drove up the number of hours billed by Plaintiff. However, the Court finds Judge Caproni's remarks in the context of another IDEA fee dispute apt:

> Although the Court concurs with Plaintiffs' arguments that attorneys who practice in the area of IDEA and other similar civil rights areas must be adequately compensated for their time, fee-shifting statutes are not a license to soak one's opponent or to engage in a highly inefficient practice of law. In this case, a competent attorney should not have needed more than 40 hours to litigate this fee petition. The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter. While Plaintiffs are very critical of Defendant's tactics in this litigation, the Court notes that the Defendant made a very reasonable offer to Plaintiffs to settle this fee dispute, which was rejected.[11]

*B.B. v. N.Y.C. Dep't of Educ.*, No. 17-CV-04255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018).

The Court finds that a 50% reduction in the attorney hours billed to the federal court litigation achieves rough justice in this case.[12] Thus, after careful consideration of the record

---

[11] The DOE seeks to argue that the informal email it sent to Plaintiff's counsel by email on August 16, 2019 (*see* Bowe Decl. Ex. B, ECF No. 60-2) qualifies as an offer of settlement under 20 U.S.C. § 1415(i)(3)(D)(I) and that fees after August 16, 2019 are not permitted since Plaintiff did not accept that offer. (*See* Def.'s Opp. Mem. at 19-20.) It is clear that the August 16, 2019 does not qualify as it does not even mention the statute. The DOE plainly knows how to craft an offer of settlement under the relevant provision of the IDEA, as it sent an offer of settlement, which cited the relevant statute, on August 4, 2020. (Bowe Decl. Ex. E, ECF No. 60-5.) Thus, Plaintiff is not barred from obtaining fees incurred after August 16, 2019.

[12] This reduction is consistent with the approximately 50% reduction made by District Judge Caproni in *B.B.* in the time billed by an associate litigating the fees issue in federal court. *See B.B.*, 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018). The Court recognizes that, in *B.B.*, Judge Caproni found only 40 hours compensable (*see id.*), but finds that in this case, based upon its application of the legal standards and review of the billing statements, that an award for 56 hours of attorney time and about 9 hours of paralegal time (*see* chart in text below) is appropriate.

before the Court and applying the relevant legal standards, the Court recommends awarding attorneys' fees to Plaintiff's counsel for the federal court litigation, as follows:[13]

| Name | Hourly rate | Hours recoverable | Total |
|---|---|---|---|
| A. Cuddy | $360 | 9.5 | $3,420.00 |
| M. Cuddy | $360 | 0.2 | $72.00 |
| Kopp | $200 | 46.3 | $9,260.00 |
| Paralegals (other than O'Donnell) | $125 | 8.9 | $1,112.50 |
| O'Donnell | $100 | 0.3 | $30.00 |
| **Total Fees** | | | **$13,894.50** |

It should be noted that the foregoing tabular analyses of fees due for the administrative proceedings and federal court litigation are not done with auditing precision, as such is not required in fee-shifting litigation. *See Fox*, 563 U.S. at 838. Rather, the goal was to achieve rough justice. *See id*. Based upon my overall sense of the suit, a total award of fees in the amount of about $30,500.00 seems appropriate.[14]

### C. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(I)). Plaintiff seeks costs in connection with the administrative proceedings in the amount of $1,510.40 and in connection with the federal litigation in the amount of $410.50. (*See* A. Cuddy Decl. ¶ 57; 9/28/20 Fee Chart.)

---

[13] The Court has made the adjustments in hourly rates and hours set forth in the text above to the chart that is contained annexed to Plaintiff's September 28, 2020 letter. (*See* 9/28/20 Fee Chart.)

[14] As a result of this lack of precision, it is not my intention to ascribe any particular amounts to have been earned as of any particular dates.

The Court declines to award the Cuddy Law Firm lodging expenses. *See C.D.*, 2018 WL 3769972, at *13. Similarly, Plaintiff's counsel's other out-of-district travel-related expenses, including mileage, tolls and parking, are not compensable. *See U.S. ex rel. Feldman v. Van Gorp*, No. 03-CV-08135 (WHP), 2011 WL 651829, at *5 (S.D.N.Y. Feb. 9, 2011). In addition, the Court declines to award fax charges at $2 per page as such charges are not reasonable. Finally, the Court reduces the amount charged for photocopying from 50 cents to 10 cents per page. *See Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012). Thus, I recommend that Plaintiff be awarded costs in the amount of $582.76.

### III. Prejudgment Interest

Plaintiff seeks to recover prejudgment interest on the amounts of fees and costs awarded on its motion. (Pl.'s Mem. at 24-25.) Plaintiff fails to cite to any IDEA case in this Circuit where prejudgment interest was awarded. Nevertheless, even assuming that the Court has discretion to impose prejudgment interest, I recommend that it not be awarded in this case. The Court finds that Plaintiff's counsel is adequately compensated by the amounts recommended herein.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that the District Court grant in part Plaintiff's motion, and award to Plaintiff attorneys' fees in the amount of $30,512.00 and costs in the amount of $582.76, for a total of $31,094.76.

DATED:   New York, New York
October 20, 2020

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\* \* \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield.

**THE FAILURE TO FILE THESE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF THOSE OBJECTIONS FOR PURPOSES OF APPEAL.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).