UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
                                          :
S.J., individually and on behalf of K.H., :
                                          :
                            Plaintiff,    :        20 Civ. 1922 (LGS)
                                          :
                -against-                 :        OPINION & ORDER
                                          :
NEW YORK CITY DEPARTMENT OF               :
EDUCATION,                                :
                            Defendant.    :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff brings this action pursuant to the fee-shifting provisions of the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).  On August 19, 2020, Plaintiff

filed a motion for summary judgment seeking attorneys' fees, costs and prejudgment interest in

the total amount of $72,210.77, for work performed by the Cuddy Law Firm.  On September 11,

2020, Defendant New York City Department of Education ("DOE") opposed the motion.

On October 3, 2020, the Honorable Stewart D. Aaron issued a Report and

Recommendation (the "Report"), which recommended granting in part Plaintiff's motion and

awarding attorneys' fees and costs in the amount of $31,094.76.  Plaintiff timely filed objections.

On October 20, 2020, Judge Aaron issued an Amended Report to correct a typographical error.

Plaintiff re-filed objections, confirming that she did not raise any objections that were not raised

in the original Report.  For the reasons below, Plaintiff's objections are overruled, except with

regard to the exclusion of six-tenths of an hour billed by M. Cuddy and post-judgment interest.

## I.    BACKGROUND

Familiarity with the Report is assumed, and a summary of the facts relevant to the

objections is summarized below.

K.H. is a child with a disability, as defined by the IDEA.  On December 29, 2017, Plaintiff S.J., the parent of K.H., initiated an impartial due process hearing on behalf of her child, alleging that DOE denied a free appropriate public education ("FAPE") for the 2016-17 and 2017-18 school years and seeking various relief.  At the time of the hearing, K.H. was a pre-school aged child.

The Impartial Hearing Officer ("IHO") conducted a hearing on May 24, 2018, which lasted less than two hours.  Michael Cuddy ("M. Cuddy") appeared for the Plaintiff, introduced testimony from the Plaintiff and forty-five exhibits.  The DOE did not appear or offer any evidence at the hearing.  M. Cuddy submitted a ten-page closing brief on June 11, 2018, and on June 20, 2018, the IHO issued a Findings of Facts and Decision in Plaintiff's favor.  Specifically, the IHO agreed that DOE was denied a FAPE for the disputed school years and awarded relief, including but not limited to, compensatory physical therapy and academic tutoring services, an assessment and behavior intervention plan and an adaptive physical education evaluation; and a reconvene of DOE's Committee on Special Education to review K.H.'s updated evaluations and Individualized Education Program.

On January 8, 2019, Plaintiff, through her counsel, submitted a demand for attorneys' fees to DOE's Office of Legal Services.  On January 19, 2019, DOE notified Andrew Cuddy ("A. Cuddy") that the claim was assigned to a DOE attorney, and on August 16, 2019, the DOE attorney offered $14,750.00.  The DOE contends that Plaintiff's counsel did not respond to this offer.  On March 4, 2020, Plaintiff filed this lawsuit for attorneys' fees, costs, and expenses.  On June 8, 2020, Defendant filed its Answer, and on June 19, 2020, the matter was referred to Judge Aaron for settlement.  Prior to the settlement conference, DOE's counsel conveyed by email an offer of $17,650.00.  In July 2020, the parties engaged in a settlement conference and subsequent settlement discussions with Judge Aaron.  On August 4, 2020, DOE's counsel conveyed a

written offer in the amount of $28,500.00, which was not accepted.  The parties briefed Plaintiff's motion for summary judgment.

Plaintiff seeks $27,811.29 in fees, costs and prejudgment interest for the administrative proceedings and $44,399.48 in fees, costs and prejudgment interest for the federal court litigation, for a total of $72,210.77.  As noted above, the Report recommends awarding attorneys' fees and costs of $31,094.76.

## II.    LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The district court "may adopt those portions of the report to which no 'specific, written objection,' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. New York State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (quoting Fed. R. Civ. P. 72(b) (*citing Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  A district court need only satisfy itself that "no clear error is apparent from the face of the record."  *See, e.g., Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error."  *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016).  A district court should not, however, entertain new grounds for relief or additional legal arguments that were not before the magistrate

judge.  *See Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at \*2 (2d Cir. 2000) (holding

that a district court did not abuse its discretion in refusing to consider an argument that a

petitioner failed to raise before a magistrate judge); *accord Kriss v. Bayrock Grp.*, No. 10 Civ.

3959, 2015 WL 1305772, at \*1 (S.D.N.Y. Mar. 23, 2015).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as

part of the costs to a prevailing party who is the parent of a child with a disability," based on

"rates prevailing in the community in which the action or proceeding arose for the kind and

quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)-(C).  To calculate a "presumptively

reasonable fee," a district court first determines the appropriate billable hours expended and sets

a "reasonable hourly rate."  *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of

Elections*, 522 F.3d 182, 190 (2d Cir. 2008)); *accord R.G. v. New York City Dept. of Educ.*, No.

18 Civ. 6851, 2019 WL 4735050, at \*2 (S.D.N.Y. Sept. 26, 2019).  The determination of a

reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for

counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include

judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates

prevailing in the district."  *Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 59 (2d Cir. 2012)

(quotation marks omitted); *accord K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 Fed. App'x 17,

18 (2d Cir. 2014) (summary order).  In determining an appropriate hourly rate, "the district court

should consider, among others, the *Johnson* factors."  *Arbor Hill,* 522 F.3d at 190; *accord K.L.*

584 Fed. App'x at 18.[1]  A court does not need to make specific findings as to each factor as long

as it considers all of them when setting the fee award.  *See, e.g.*, *R.G.*, 2019 WL 4735050, at *2.

The DOE does not dispute that Plaintiff is a "prevailing party" entitled to recover under

the IDEA.  The only issue is to determine the presumptively reasonable fee amount for Plaintiff's

counsel.  As a motion for summary judgment, the "district court is required to resolve all

ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party

opposing summary judgment."  *Green v. Town of E. Haven*, 952 F.3d 394, 396 (2d Cir. 2020);

*accord R.G.,* 2019 WL 4735050, at *2.

## III.   DISCUSSION

The portions of the Report to which there are specific objections are reviewed *de novo,*

and the remainder is reviewed for clear error.  Under this standard, the Report is adopted as

modified to include an additional award of $216.00 for time billed by M. Cuddy and an award of

post-judgment interest for a total of $31,310.76 plus post-judgment interest calculated at the

applicable statutory rate.

### A.  Hourly Rates

Plaintiff objects to the Report's recommended hourly rates.  Plaintiff requests *de novo*

review, arguing that the Report relied on rates awarded in prior cases to the exclusion of

---

[1] The *Johnson* factors are the following relevant factors for attorney fee calculations, as set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989): "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Arbor Hill*, 522 F.3d at 186 n.3.

supporting evidence and argument, including with regard to other *Johnson* factors.  This is

incorrect.  The Report states that its recommended rates were arrived at upon a review of the

relevant *Johnson* factors, evidentiary submissions and the parties' arguments.  Essentially,

Plaintiff objects that the Report did not specifically address each argument and summarizes the

same evidence and arguments presented on the motion.  Accordingly, clear error review is

warranted.  *See, e.g.*, *D.B. on behalf of S.B. v. New York City Dept. of Educ.*, No. 18 Civ. 7898,

2019 WL 4565128, at *2 (S.D.N.Y. Sept. 20, 2019) (reviewing objections for clear error where

they reiterate arguments made to the magistrate judge).  Here, the Court finds no error, clear or

otherwise.

      Considering the nature of Plaintiff's case and M. Cuddy's and A. Cuddy's years of

experience in IDEA litigation at the time of the administrative hearing -- approximately ten and

seventeen years, respectively -- the Report correctly determined that a rate of $360 per hour for

attorneys M. Cuddy and A. Cuddy is in line with what similar attorneys would receive in this

district in this matter and is reasonable.  "[T]he prevailing market rate for experienced, special-

education attorneys in the New York area *circa* 2018 is between $350 and $475 per hour."  *R.G.*,

2019 WL 4735050, at *2 (citation omitted).  In support of higher hourly rates, Plaintiff relies on

declarations, including those from other attorneys who specialize in special education law and

practice in this district, and data from the DOE's records purporting to reflect rates claimed by

IDEA practitioners, among other information.  The Court declines to rely on the asserted rates as

a starting point in the analysis of a reasonable hourly rate, because the submitted evidence either

does not substantiate such rates were actually paid (versus claimed), or where rates are asserted

to have been actually paid, does not provide relevant context for such rates billed.  Accordingly,

they do not show that the range of rates from 2018 no longer prevails.  *See M.D. v. New York

City Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018); *see*

*also C.B. v. New York City Dep't of Education*, 2019 WL 3162177, at *5 (S.D.N.Y. 2019) (explaining that district courts have "decided not to rely too heavily [on such] affidavits, since they . . . may leave out context that rationalizes the rates billed, and may even list rates that are not in practice ever paid by reasonable, paying clients." (quotation marks omitted)).

As Plaintiff correctly notes, the hourly rates should reflect that counsel secured the relief Plaintiff requested in the underlying administrative proceeding, which is "the most critical factor" when determining a fee award. *See C.B.*, 2019 WL 3162177, at *11. Also relevant is the "time and labor required," the "novelty and difficulty of the questions" and the "level of skill required to perform the legal service properly." Cases that are straightforward and uncontested may warrant reasonable attorneys' fees at the lower end of the range, even in light of a great degree of success attained. *See, e.g., C.B.*, 2019 WL 3162177, at *8 (discussing the "$350-per-hour and $360-per-hour awards" in "essentially uncontested" cases and awarding A. Cuddy $400 hourly rate for a case where the "DOE produced two of its own witnesses and submitted its own evidence in a proceeding that lasted 9.8 hours"). Here, success came in the context of an uncontested proceeding lasting less than two hours, regarding relatively straightforward issues. *See M.D.*, 2018 WL 4386086, at *3 (awarding $360 per hour rate for senior attorneys at Cuddy Law Firm for work on a fairly straightforward administrative proceeding). *Cf. C.D. v. Minisink Valley Cent. Sch. Dist.*, 2018 WL 3769972, at *6 (S.D.N.Y. 2018) (awarding M. Cuddy a $400 per hour rate for work on heavily contested proceedings lasting eleven hearing days); *R.G.*, 2019 WL 4735050, at *3 (awarding A. Cuddy $350 per hour rate for work in a contested hearing totaling four hours in length). In light of the evidentiary submissions, and the relationship between this case and recent cases involving Cuddy Law Firm, Plaintiff's proposed rates -- $500 per hour for M. Cuddy and A. Cuddy -- appear excessive, and an award of $360 per hour is a reasonable rate for each of M. Cuddy and A. Cuddy for this case.

The Report also correctly determined a reasonable rate of $200 per hour for attorney Benjamin Kopp, who graduated from law school in 2015, practiced general litigation for two years and joined the Cuddy Law Firm in 2018.  In late 2019, a junior associate at the Cuddy Law Firm was awarded an hourly rate of $150.  *See R.G.*, 2019 WL 4735050, at *3.  The Report correctly determined that Kopp's reasonable rate for this matter should depart from the $150 per hour rate, given that his time was billed to the instant motion, which requires general litigation experience, and he has prior experience as a general litigator.  In light of the evidentiary submissions and the relationship between this case and recent cases involving Cuddy Law Firm, Plaintiff's proposed rate of $350 appears excessive, and an award of $200 per hour is a reasonable rate for Kopp.

### B.  Hours Reasonably Expended

Plaintiff objects to the Report's recommended hours reasonably expended.  Courts may exercise discretion to award fees for hours that are not "excessive, redundant, or otherwise unnecessary" in light of the litigation.  *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *accord C.B.*, 2019 WL 3162177, at *9.  The "essential goal in shifting fees . . . is to do rough justice."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  For the portion billed to the administrative hearing, the Report recommended removing six-tenths of an hour billed by M. Cuddy and reducing travel time in connection with the hearing.  With respect to the portion billed for the instant federal litigation, the Report recommended cutting the hours by fifty percent.  Plaintiff specifically objects to the reductions -- except as to the travel time reduction -- as "premature," because the Report did not analyze and make further findings on the DOE's "unreasonable protractions."  Plaintiff argues that per the IDEA fee-shifting statute, a court is required to reduce attorneys' fees under certain circumstances, *see* 20 U.S.C. § 1415(i)(3)(F), unless the court finds that the "[s]tate or local educational agency unreasonably protracted the final resolution of the

action or proceeding," *see id.* § 1415(i)(3)(G).  Accordingly, the DOE's alleged "unreasonable protractions," bear on whether any reduction was mandatory.  Plaintiff also generally objects to the fifty percent reduction of federal litigation hours as unreasonable.  Plaintiff's objections are overruled in part.

As an initial matter, considering both parties' arguments and their competing version of events that transpired during the administrative proceeding and subsequent federal litigation over fees, the Court does not find that the DOE "unreasonably protracted" the final resolution of the action.  However, elimination of the six-tenths of the hours billed by M. Cuddy on January 5, 2018, is unwarranted, because time billed for "receiv[ing] additional educational records" is neither obviously redundant nor excessive based on the time records.[2]  Accordingly, the award of attorneys' fees to Plaintiff's counsel for the administrative proceedings is amended to reflect an additional $216.00 (six-tenths of an hour billed by M. Cuddy at a rate of $360 per hour).

As to the percentage reduction of the hours billed to the federal litigation, the Report correctly determined to apply a fifty percent reduction to achieve "rough justice," reducing the hours expended to fifty-six hours of attorney time and about nine hours of paralegal time.  In view of the billing statements and the litigation history that occurred, a competent attorney should not have needed more than this amount of time to litigate this fee petition.  "A request for attorney's fees should not result in a second major litigation."  *Hensley*, 461 U.S. at 437; *accord C.B.*, 2019 WL 3162177, at *12.  Plaintiff argues that certain of the DOE's litigation tactics should not be condoned; a fifty percent reduction is reasonable even weighing this consideration.

---

[2] In recommending exclusion of this amount of time billed as excessive, the Report mistakenly relies on a comparison against another time entry that refers to review of a *different* set of records.

### C. Prejudgment

Plaintiff objects to the Report's recommendation to deny prejudgment interest. Plaintiff's objections are overruled. Contrary to Plaintiff's argument, the Report did not ignore Plaintiff's cited case law. The Report expressly stated that Plaintiff "fail[ed] to cite to any IDEA case in this Circuit where prejudgment interest was awarded," acknowledging that Plaintiff did not adequately support the legal basis for the Court to award prejudgment interest for an award of attorneys' fees pursuant to IDEA. Plaintiff argues that such an award is appropriate in this case because DOE allegedly delayed resolution of fees and sought, in essence, an "interest-free loan." Assuming the Court has discretion to award prejudgment interest, the Court agrees with the Report that Plaintiff is adequately compensated by the award as modified herein.

### D. Costs

Plaintiff objects to the Report's recommendation to reduce copying costs and to deny compensation for service of process. A district court may award reasonable costs to the prevailing party in IDEA cases. *See* 20 U.S.C. § 1415(i)(3)(B); *see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98 (2006) ("Costs" as used in 20 U.S.C. § 1415(i)(3)(B) refers to the list set out in 28 U.S.C. § 1920, the statute governing taxation of costs in federal court).

The Report correctly concluded that a reasonable charge for photocopy costs is ten cents per page based on the "going rate" as determined in *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 441 (S.D.N.Y. 2012). Plaintiff objects that, in recent IDEA fee cases, courts have awarded full costs, including photocopying costs at a rate of fifty cents per page. However, in those actions, the rate was uncontested, and no findings were made as to the going rate of such fees. Plaintiff's requested rate of fifty cents per page seems unlikely to be ordinarily charged to clients, and a photocopy rate found reasonable in 2012 is likely no different than the

current rate.  *See Houston v. Cotter*, 234 F. Supp. 3d 392, 413 (E.D.N.Y. 2017) (reducing a twenty cents per page rate to ten cents in 2017, relying on 2006 E.D.N.Y. decisions determining that ten cents per page were reasonable and more consistent with the going commercial rate). Plaintiff provides no basis to conclude otherwise.

Plaintiff objects to the denial of compensation for attorney time billed for serving process because service of process is compensable.  The Report correctly denied Plaintiff reimbursement for attorney time spent to serve process.  It seems unlikely that such time would be billed to a client, even if, as Plaintiff argues, the billed amount reflects a reasonable cost for service of process by a process server.  Accordingly, the billed attorney time will not be credited.

### E.  Post-Judgment Interest

Plaintiff objects to the recommended award's omission of post-judgment interest. Plaintiff's request for post-judgment interest is granted.  "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'"  *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).

### F.  Remaining Report

As to the remainder of the Report to which Plaintiff did not object, the Court finds no clear error on the face of the record.  Accordingly, these portions are adopted in full.  *See* 28 U.S.C. § 636(b)(1) (In reviewing a magistrate judge's recommendations, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation."); *accord Niles v. O'Donnell*, No. 17 Civ. 1437, 2019 WL 1409443, at *1 (S.D.N.Y. Mar. 28, 2019).

IV.    **CONCLUSION**

For the reasons above, the Report is adopted as modified to include an award of $216.00 for time billed by M. Cuddy and an award of post-judgment interest.  For clarity, Plaintiff is granted attorneys' fees in the amount of $30,728.00 and costs in the amount of $582.76, for a total of $31,310.76 plus post-judgment interest calculated at the applicable statutory rate.

Lastly, Plaintiff requests permission to submit a final invoice for fees associated with preparing objections to both the original and Amended Report.  Plaintiff shall submit a final invoice within **ten days** of the date of this Opinion and Order.  As Plaintiff acknowledges, the objections prepared for the original and Amended Report were substantively the same, and the invoices will be reviewed in this context.

The Clerk of Court is respectfully directed to close Dkt. No. 35.

Dated: January 12, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE